# BERNARD H. STEINKEMEYER

*v.*

## THOMAS GILLESPIE.

MORTGAGES—*upon equitable legal title—priority of equities.* A party, having a bond for a deed for a tract of land, upon the payment of the purchase money, sold the same, and took notes of the purchaser, and a mortgage on the land to secure their payment. The purchaser then sold to a third party, and took his notes, and a mortgage on the land to secure their payment. These mortgages were assigned to different parties. Whilst matters stood thus, the owner of the legal title gave notice to the holder of the bond that, unless the purchase money was paid by a given time, he would declare a forfeiture. When the day of forfeiture arrived, no one else having paid the purchase money, the assignee of the second mortgage paid it, and had the land conveyed to the holder of the bond, and took a deed of trust from him to secure the money thus advanced, as well as the notes secured by the second mortgage which he held. These notes not being paid, he sold the land under his deed of trust, and had it bid in by one who acted for him, and who reconveyed the land to him, no money passing between them in the transaction. Prior to this sale, the holder of the first mortgage had foreclosed it, making only the two assignees of the bond parties. Upon a bill filed by the party claiming title under the deed of trust, to set aside the title under the decree of foreclosure of the first mortgage, as a cloud upon his title, there being no evidence that the original owner had any power to declare the forfeiture of the contract, as he threatened, it was *held*, that there was nothing in the facts shown which cut off the lien of the first mortgage, or that would prevent the assignee of the second mortgage from redeeming from such first mortgage; that the lien for the money advanced to pay the bond was the first and highest lien, and that the holder of the first mortgage had no claim to the title, but simply to have the amount secured by his mortgage paid, and that the bill should be dismissed without prejudice.

APPEAL from the Circuit Court of Jefferson county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

Mr. P. E. HOSMER, Mr. DANIEL HAY, and Messrs. MASON & GORDON, for the appellant.

Mr. W. H. MOORE, and Mr. SILAS L. BRYAN, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The Illinois Central Railroad Company being the owner of the 80 acres of land in controversy, they sold it to one Heseman, and gave him a bond for a conveyance on the payment of the purchase money. Heseman sold and assigned the title bond to one Krote, and took back a mortgage on the land to secure the purchase money, or at least $2100 thereof. Krote, after he purchased, sold and assigned the bond to Wrise, and took a mortgage on the land to secure $2000 of the price. After this had been done, Heseman sold his claim against Krote, and assigned the mortgage given by him, to appellee. Appellant purchased the note and mortgage given by Wrise to Krote. Thus, Gillespie became invested with all the claim held by Heseman, and Steinkemeyer became invested with all of Krote's claim, and Wrise held the bond for title incumbered with the mortgage given by Krote to Heseman, and his mortgage given to Krote.

Whilst matters were thus situated, the railroad company gave notice to Wrise that, if the balance of the purchase money due on the sale of the land should not be paid by the 1st of April, 1870, they would rescind and declare the bond given to Heseman at an end and the contract forfeited. Appellant waited until the 29th of March, and none of the other parties interested having paid the railroad company, he paid them $912, the balance due them on the purchase, and had them convey to Wrise, who held their bond, and had it surrendered to the company. Wrise thereupon executed a deed of trust to appellant to secure the payment to him of the purchase money thus advanced, and to secure the notes given by Wrise to Krote, which were then held by appellant.

Wrise failed to pay these several sums, and appellant sold the land under the trust deed, when it was purchased in by

one Holton, who afterwards conveyed the land to appellant, and he thus became invested with all claims to the land, except that held by appellee, who held under the notes given by Krote to Heseman.

Prior to this time, appellee had, by bill against Krote and Wrise, foreclosed his mortgage, and purchased the land at master's sale, under a decree, for $702.20, and received a conveyance from the master; and, to set that conveyance aside, appellant filed his bill to relieve his title of this cloud, insisting that Holton's purchase of the fee at the trustee's sale cut off and extinguished all of appellee's claims to the land; but the court below refused the relief and dismissed the bill, and complainant, to reverse that decree, appeals to this court.

It appears that appellant purchased the notes and mortgage from Krote, under the belief that Wrise was the owner in fee, although, as the title was on record, he is chargeable with notice that he was not, and that he only held the title bond, and of Krote's mortgage to Heseman; and, whilst appellant occupied the position of a junior mortgagee of the contract of sale, Heseman, or appellee, his assignee of the senior mortgagee of the contract, had no claim on him of any kind. There were no equities existing which required appellant to protect appellee's title. Appellant was required to perform no act or to pay any money to the railroad company to preserve appellee's claims. They each held a claim liable to be extinguished should the railroad company declare the contract forfeited, and sell to another, if they possessed such power. Appellee, to preserve his rights, was bound to pay them the purchase money due on the land, and so was appellee to preserve his. The time for its payment had expired, and the company had given notice to Wrise that, if the money was not paid by the 1st of April, they would declare the forfeiture. He paid the money, and had the title conveyed to Wrise, and took from him a trust deed to secure Wrise's notes due him, and the money he had advanced to pay for the land.

It appears that appellant procured Holton to purchase for him at his sale under the trust deed, and had Holton to con-

vey to him, Holton paying nothing on his purchase, and appellant paying nothing when Holton reconveyed to him. This, then, shows such a sale as Wrise could, on a proper bill filed, have set aside, and the deed canceled.

Nor did appellee's foreclosure cut off or in anywise affect appellant's title, as he was not made a party to his bill. He only made Krote and Wrise parties to his bill. Appellant, before the foreclosure, had purchased the notes and mortgage to Krote from Wrise, and Krote then had no interest whatever in the land, and Wrise's interest was incumbered by the mortgage held by appellant, as well as the mortgage held by appellee, given by Krote to Heseman.

It is alleged and proved that the railroad company had given notice that they would declare a forfeiture, if the money should not be paid by the 1st of April, 1870; but it nowhere appears that the company, by the terms of their bond, had legal authority to declare the contract at an end. Hence, the conveyance by the company can not be regarded, under the decision in the case of *Christman* v. *Miller*, 21 Ill. 227, as a forfeiture, and a rescission of the contract by the railroad company.

On the bill, and proofs under it, we fail to see that appellant has shown that he has done any act that has cut off appellee's lien on the land, for whatever may be due on his mortgage; or why appellant should not redeem from it, as a lien prior to his claim under the Wrise mortgage. It is manifest that his lien for the purchase money, paid to the company, is the first and highest lien, and were he to pay appellee what is due him under the Krote mortgage, he would hold the land free from all incumbrance. Appellee can, in no event, have any other claim than to have his money paid to him. He has no claim to the title, but simply to have his money.

Appellant having failed to make out a case, the bill should have been dismissed without prejudice.

The decree of the court below will, therefore, be modified to that extent, and be affirmed in all other respects.

*Decree modified.*